OPINION
 STATEMENT OF THE CASE
On January 12, 2001, Appellant was cited for OMVI, in violation of R.C. § 4511.19(A)(1) and Speeding, in violation of R.C. §4511.21.
On March 21, 2001, a hearing was held on Appellant's Motion to Suppress. Two of the issues in said motion, those which are the subject of this appeal, were whether the State had reasonable articulable suspicion to stop and detain Appellant and whether the State had probable cause to arrest the Appellant.
By Entry dated March 23, 2001, the trial court overruled Appellant's Motion to Suppress.
On May 4, 2001, upon request by Appellant, the trial court issued Findings of Fact and Conclusions of Law.
On May 25, 2001, Appellant entered a plea of no contest to each of the charges.
On May 30, 2001, Appellant filed the instant appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT [SIC] HAD REASONABLE ARTICULABLE SUSPICION TO STOP AND DETAIN APPELLANT DUE TO EXCESSIVE SPEED.
 II. THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE EXISTED TO ARREST APPELLANT FOR OMVI WHEN THE FIELD SOBRIETY TESTS WERE NOT STRICTLY ADMINISTERED.
 III. THE TRIAL COURT ERRED ULTIMATELY IN FINDING REASONABLE ARTICULABLE SUSPICION TO STOP APPELLANT AND/OR FINDING PROBABLE CAUSE EXISTED TO ARREST APPELLANT FOR OMVI.
Each of Appellant's Assignments of Error challenge the trial court's denial of his motion to suppress.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982),1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141, State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172,State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S. (1996),517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress. Thus, in analyzing the following Assignments of Error, we must independently determine whether the facts meet the appropriate legal standard.
 I.
Appellant argues that the trial court's determination that Appellee had reasonable articulable suspicion to stop and detain appellant due to excessive speed was against the manifest weight of the evidence. We disagree.
The law concerning when a traffic stop is constitutionally permissible is abundantly clear. A police officer may conduct a traffic stop, where he or she "has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation. . . . regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091. Moreover, it is indisputable that a police officer may conduct a traffic stop of a vehicle observed speeding. State v. Robinette (1997), 80 Ohio St.3d 234,239, 685 N.E.2d 762. Also, a police officer possesses probable cause to stop a motorist for purposes of issuing a citation when the motorist commits a minor traffic violation in the officer's presence (including unlawful speeding). Erickson, 76 Ohio St.3d at 11-12, 665 N.E.2d 1091.
In the case sub judice, the factual record indicates that Deputy Corder visually observed appellant speeding on a stretch of road with a 65 m.p.h. speed limit. (T. at 9). Furthermore, while Deputy Corder followed appellant's automobile, he witnessed him weaving within his lane. (T. at 9). After making the observation, Deputy Corder began following appellant's vehicle and performed a "pace-clock" test to determine the speed at which appellant was traveling. As part of the pace-clock test, Deputy Corder saw that both his speedometer and the radar gun indicated a rate of speed at or approximately eighty m.p.h. (T. at 10). Only after his initial visual observation of appellant's rate of speed and obtaining the results of the pace-clock test, did the deputy stop appellant for speeding, in violation of R.C. 4511.21.
For the foregoing reasons, appellant's first assignment of error is not well-taken.
 II.
Appellant contends that Deputy Corder did not have reasonable, articulable suspicion leading to probable cause to arrest him for driving under the influence of alcohol and, therefore, the trial court erred when it denied appellant's Motion to Suppress on those grounds. We disagree.
The crux of Appellant's argument is that Deputy Corder's testimony as to how the field sobriety tests were administered proved that such did not strictly comply with the rules as promulgated by the NHSTA pursuant to State v. Homan (2000), 89 Ohio St.3d 421, and therefore the Deputy did not have reasonable and articulable suspicion leading to probable cause to arrest appellant for driving under the influence of alcohol.
The field sobriety tests evaluate one's coordination and movements so as to indicate whether one's action, reactions, conduct movement or mental processes are impaired to an appreciable degree so as to demonstrate if one is "under the influence" to a degree to impair one's ability to drive a motor vehicle.
Deputy Corder administered the horizontal gaze nystagmus test, which Appellant failed, displaying six out of six clues of impairment. (T. at 13).
Deputy Corder then administered the walk and turn test. Appellant did not follow the deputy's instructions, swayed while he was being instructed, did not touch heel to toe, and turned incorrectly. (T. at 18). Appellant exhibited four out of six clues of impairment. (T. at 18).
Deputy Corder then asked appellant to perform the one leg stand. However, he did poorly, hopping on one foot and elevating his arms to balance himself. (T. at 20).
Appellant argues that the deputy did not administer the field sobriety tests in strict compliance with the regulations in that he had the Appellant begin the Walk and Turn test over an imaginary line, he placed him too close to passing traffic and stood too close to him during same and further that he also stood too close to Appellant during the one-leg stand test and that the deputy stopped said test prior to the required full thirty seconds. (T. at 53). Deputy Corder admitted to having not strictly complied with established police procedure when administering to appellant the one-leg stand and walk-and-turn tests. (T. at 56).
As stated in Homan, supra, if any one of the elements of a standardized test is changed, the validity is comprised. We therefore find as to the walk-and-turn test, the Officer's failure to stand at least three feet from the subject fails as to strict compliance. We also find that as to the on-leg stand test, the deputy's failure to administer the test for a full thirty seconds and his failure to stand at least three feet away is not in strict compliance with the guidelines. We therefore find that the one-leg stand and walk-and-turn tests were not administered in strict compliance with the NHTSA standards.
While we find that the one-leg stand and walk and turn tests were not administered in strict compliance with the NHSTA manual, we nevertheless agree with the trial court that the totality of facts and circumstances surrounding appellant's arrest supports a finding of probable cause.
As to probable cause, the Ohio Supreme Court recently addressed the issue as it relates to an arrest for driving under the influence, in the case of State v. Homan, supra. In the Homan case, the Court explained that:
 In order for the results of a filed sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures.
However, the court in Homan, supra, upheld the defendant's DUI conviction and stated:
 In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. [Citations omitted.] In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. [Citations omitted.] Id. at 427.
The Supreme Court of Ohio in Homan, supra, went on to state that:
 While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance. Id.
Once an officer has stopped a vehicle for a traffic offense and begins the process of obtaining the driver's license and registration, the officer may investigate the driver for DUI if the officer has an articulable and reasonable suspicion that the driver may be intoxicated.State v. Evans (1998), 127 Ohio App.3d 56, 62-63. Whether the investigation for DUI is reasonable must be determined from the totality of the circumstances. Id.
In the case sub judice, the arresting deputy testified that he observed appellant's vehicle weaving within his lane; an open container of beer in the vehicle (T. at 11); a moderate odor of alcohol about appellant (T. at 11-12); and that appellant's speech was slurred and somewhat lethargic (T. at 11-12). The officer also testified that appellant admitted he had consumed alcoholic beverages. (T. at 12). As in Homan, this court finds that the totality of these facts and circumstances support the deputy's decision to place appellant under arrest.
Taken in conjunction with the aforementioned "common indicia" of intoxication and the HGN results, the set of circumstances as a whole gives rise to probable cause to believe that appellant was operating a motor vehicle while under the influence of alcohol.
Based on the above, we find that the trial court's decision that there were reasonable and articulable suspicion to investigate and probable cause to arrest appellant for driving while under the influence was not error.
Appellant's second assignment of error is overruled.
 III.
Appellant, in his third assignment of error, argues finally that the trial court erred ultimately in finding reasonable articulable suspicion to stop appellant and/or finding probable cause existed to arrest appellant for OMVI.
In light of our disposition of Appellant's first and second assignments of error, we find Appellant's third assignment not well-taken and overrule same.
The decision of the trial court is affirmed.
By BOGGINS, J., EDWARDS, P.J. and GWIN, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court is affirmed. Costs assessed to Appellant.